IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BERNADETTE DUDLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  5:13-cv-2079 |
| vs. | ) | |
| | ) | |
| DIVERSIFIED CONSULTANTS, INC., | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, BERNADETTE DUDLEY, by and through her attorneys, LUXENBURG & LEVIN, LLC, and for her Complaint against the Defendant, DIVERSIFIED CONSULTANTS, INC., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Akron, Ohio.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7. On information and belief, Defendant is a corporation of the State of Florida, which is licensed to do business in Ohio and which has its principal place of business in Jacksonville, Florida.

## COUNT I
(Violation of the Fair Debt Collection Practices Act)

8. Defendant, through its agents, representatives and/or employees, began contacting Plaintiff during or about the calendar year of 2013 in attempts to collect the aforementioned alleged debt.

9. Plaintiff entered into an agreement with Defendant whereby she would make monthly payments of $50.00 to Defendant's website payment system. On or about May 3, 2013, Plaintiff made a $50.00 payment to Defendant's payment system using her American Express credit card. On or about May 4, 2013, Defendant's agent, representative and/or employee contacted Plaintiff by telephone and told Plaintiff there was not an agreement unless she made the payments with a Visa, MasterCard or Discover card.

10. Also on or about May 4, 2013, Plaintiff spoke with Defendant's agent, representative and/or employee representing himself as "Josh" (last name unknown) who held himself out to be a supervisor and confirmed that there would be no agreement unless Plaintiff

2

paid with a Visa, Mastercard or Discover card.  Further, Josh threatened to report to the national credit bureaus that Plaintiff refused to pay the alleged debt, despite the fact that Plaintiff had already made a payment.

11. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Falsely representing the character, amount and/or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

    b. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

    c. Communicating credit information which was known or which should have been known to be false, including failing to communicate that the alleged debt was disputed, in violation of 15 U.S.C. § 1692e(8);

    d. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10); and

    e. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

12. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, BERNADETTE DUDLEY, respectfully prays for a judgment against Defendant as follows:

    a.    Statutory damages of $1,000.00 for each violation of the FDCPA;

    b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c.    Any other relief deemed appropriate by this Honorable Court.

### COUNT II
(Violation of the Ohio Consumer Sales Practices Act)

13.    Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

14.    Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

15.    Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(D), as Defendant is in the business of effecting or soliciting consumer transactions.

16.    Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

17.    Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

18.    Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

19.    As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, BERNADETTE DUDLEY, respectfully prays for a judgment against Defendant as follows:

    a.    Statutory damages of $200.00 for each violation of the OCSPA;

    b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c.    Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ Mitchel E. Luxenburg
Mitchel E. Luxenburg (0071239)
David B. Levin (0059340)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23875 Commerce Park, Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 301 (phone)
(866) 551-7791 (facsimile)
Mitch@LuxenburgLevin.com

5